UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ADRENA NADINE WARR,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. ED CV 14-1482-DFM<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff Adrena Warr appeals the decision of the Administrative Law Judge ("ALJ") denying her application for Social Security Disability Insurance benefits. The Court concludes that the ALJ did not err in assessing Plaintiff's credibility. The Court therefore affirms the ALJ's decision.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for benefits on January 12, 2011, alleging disability beginning December 16, 2010. Administrative Record ("AR") 28. The ALJ found that Plaintiff had the severe impairment of fibromyalgia. AR 30. The ALJ determined that, despite her impairment, Plaintiff was still able to perform her past relevant work, as well as work available in significant

numbers in the national and regional economy, and was therefore not disabled. AR 35-37.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ erred in assessing Plaintiff's credibility. <u>See</u> Joint Stipulation ("JS") at 4.[1]

## III.

## DISCUSSION

Plaintiff testified at the administrative hearing to the following symptoms and limitations: she often spends most of the day in bed; she can only sit for a few minutes to a few hours; she can only stand for five to ten minutes without leaning against something; she can only walk 20 feet at a time; she can only lift something very light, such as a container of juice; she needs a cane to walk in order to keep from falling down; she has difficulty sleeping; she has constant pain in her neck, shoulders, back, and legs; and the pain is always at least a seven or eight on a scale of one to ten. AR 46-52.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. <u>Vasquez v. Astrue</u>, 572 F.3d 586, 591 (9th Cir. 2009) (citing <u>Lingenfelter</u>, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. <u>Lingenfelter</u>, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a

---

[1] Although Plaintiff labels the issue in dispute as whether the ALJ properly assessed her residual functional capacity, she is in fact only disputing the ALJ's credibility assessment. <u>See</u> JS at 11 ("Adrena Warr does not necessarily disagree with the ALJ's RFC assessment.").

2

claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. <u>Robbins</u>, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Reddick</u>, 157 F.3d at 722 (quoting <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. <u>Smolen</u>, 80 F.3d at 1283-84 & n.8. The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. <u>Id.</u> (citations omitted).

Here, the ALJ provided several reasons for finding that Plaintiff was not fully credible, each of which is supported by substantial evidence in the record. First, Plaintiff testified that she stopped working on December 26, 2010, not because of her impairment, but because she could no longer "do [the 100-mile roundtrip] commute." AR 50. She also testified at the administrative hearing that she was being "pushed out" by her employer because she was an older worker. <u>Id.</u> These statements at least suggested that Plaintiff stopped working for reasons other than her impairment. <u>See</u> <u>Bruton v. Massanari</u>, 268 F.3d 824,

3

82 (9th Cir. 2001) (holding that ALJ properly considered the fact that the claimant stopped working because she was laid off, not because of a medical disability).

Second, Plaintiff's testimony that she required a cane in order to ambulate was undermined by the absence of any record of Plaintiff being prescribed a cane. AR 341. The ALJ properly relied on this discrepancy. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that ALJ may consider many factors in weighing a claimant's credibility, including "ordinary techniques of credibility evaluation, such as . . . testimony by the claimant that seems less than candid").

Third, the ALJ properly considered Plaintiff's activities of daily living in assessing her credibility. The ALJ noted that, despite Plaintiff's complaints of debilitating pain, she was able to perform certain daily activities, such as independently handling her personal care, preparing simple meals, driving, doing some laundry, caring for her dog, shopping for groceries and other items, and taking care of her 16 year old granddaughter. AR 32. The ALJ also noted that Plaintiff reported to the consultative examiner that she was able to do household chores, cook, dress and bathe herself, go to the store and run errands, drive a car, handle her finances, and go out alone. Id. While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's reports of the severity of his impairment were not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597,

4

604 (9th Cir. 1989)).

The ALJ also considered that Plaintiff's claims of disabling pain were unsupported by the medical evidence. After reviewing the medical record, the ALJ concluded that the medical evidence generally showed unremarkable examinations and few abnormal findings. AR 33-34. Similarly, the consultative examining physician's findings were largely normal and unremarkable, and the examining physician determined that Plaintiff was capable of performing light work with a few postural limitations. AR 35 (citing AR 247-54). "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Finally, the ALJ noted that Plaintiff's medical records from January 2010 to May 2012 indicate that she had generally sought routine follow-up treatments for her fibromyalgia, and her follow-up examinations were usually for medication review and refill. AR 33. The ALJ also took note of some medical records which indicated that Plaintiff was taking less than the recommended dosage of her prescribed pain medication, which would imply that her pain was not as severe as she claimed. AR 33 (citing AR 198, 290). An ALJ may rely upon a claimant's conservative treatment history or noncompliance with treatment to provide clear and convincing evidence for an adverse credibility finding. See Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007); Fair, 885 F.2d at 603 (inadequately explained failure to follow a prescribed course of treatment can cast doubt on the sincerity of the claimant's testimony).

Plaintiff contends that her treatment history is not conservative, noting that there is no known cure for fibromyalgia and that she received any available treatment. JS at 10. However, even assuming that the ALJ erred in relying upon Plaintiff's treatment history, any error would be harmless as the

5

other reasons proffered by the ALJ were supported by substantial evidence in the record. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context." (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006))).

In sum, the ALJ properly found that Plaintiff was not fully credible regarding her subjective pain and symptoms. Therefore, Plaintiff is not entitled to relief on this claim of error.

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: April 23, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge